

NUMBER 13-10-00327-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAUL SALAZAR,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 404th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

A jury found appellant Raul Salazar guilty of possession of marihuana, a

third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4) (West

2010). After assessing punishment at five years in the Texas Department of Criminal

Justice—Institutional Division, the trial court suspended the sentence and placed Salazar on community supervision for five years.   We affirm.

Salazar filed his notice of appeal on May 14, 2010.   Appellant's brief was originally due to be filed on March 2, 2011.   On June 16, 2011, this Court abated the case and remanded it to the trial court to determine whether Salazar desired to prosecute this appeal; why Salazar's counsel had failed to file a brief and whether counsel had effectively abandoned the appeal; whether Salazar had been denied effective assistance of counsel; whether Salazar's counsel should be removed; and whether Salazar was indigent and entitled to court-appointed counsel.   *See* TEX. R. APP. P. 38.8(b)(2).   The trial court held a hearing on August 11, 2011 and found that Salazar wished to pursue his appeal and was not indigent, and granted Salazar's counsel's motion to withdraw.   The trial court directed Salazar to hire a new lawyer and file an appellate brief.

On September 29, 2011, the Clerk of this Court directed Salazar to notify us if he had obtained counsel.   On December 2, 2011, having received no response, we ordered Salazar to file his appellate brief by January 6, 2012.   This Court also advised Salazar that if he failed to file his brief, we would decide this appeal upon the record before us. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *Coleman v. State*, 774 S.W.2d 736, 738-39 (Tex. App.—Houston [14th Dist.] 1989, no pet.).   Salazar has not filed a brief or any other response.   We, therefore, have submitted Salazar's case without the benefit of briefs and, in the interest of justice, have reviewed the record.   *See* TEX. R. APP. P. 38.8(b)(4).

When an appellant fails to file a brief, an appellate court's review of the record is limited to the following categories of fundamental errors: (1) errors recognized by the legislature as fundamental; (2) the violation of rights, which are waivable only; and (3) the denial of absolute, systemic requirements. *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002); *Lott*, 874 S.W.2d at 688)). The court of criminal appeals has enumerated the following fundamental errors: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Saldano*, 70 S.W.3d at 888-89; *Burton*, 267 S.W.3d at 103.

Our examination of the record reveals no fundamental error. *See Burton*, 267 S.W.3d at 103. Accordingly, we affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 15th
day of March, 2012.

3