

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00398-CR

RICHARD KLEMISCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2012-469,919, Honorable Drue Farmer, Presiding

July 11, 2014

OPINION

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

Appellant Richard Klemisch appeals his conviction for possession of between two and four ounces of marijuana and the resulting sentence of 365 days in jail, probated for 24 months, and a $500 fine. Through one issue, appellant contends the trial court erred in denying his motion to dismiss. We will affirm the judgment of the trial court.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Background

Appellant was indicted in Cause No. 2009-423,386 in May 2009 in district court for possession of marijuana on or about April 13, 2009.[2] The indictment alleged the offense was enhanced to a state jail felony because the offense was committed "within 1,000 feet of real property owned by a school, namely, Debra Bozeman Daycare[.]"[3] In June 2011, appellant filed a motion to quash the indictment and dismiss the prosecution for lack of jurisdiction in the district court, alleging the drug-free zone enhancement was meritless. The State filed a motion to dismiss the prosecution, and the case was dismissed on June 9, 2011.

Two days before the dismissal of the felony indictment, on June 7, 2011, the State filed a complaint and information alleging appellant committed a Class A misdemeanor offense by possessing the marijuana in April 2009.[4] Appellant moved to quash the complaint and information, and to dismiss the prosecution, alleging the State was barred from prosecuting the case because: (1) the information was filed after the expiration of the two-year statute of limitations for the offense; and (2) the felony indictment in Cause No. 2009-423,386 did not toll the running of the limitations because it was filed in a court that lacked subject matter jurisdiction over the offense. The June 2011 information was later dismissed on the State's motion.

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (West 2012).

[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(5) (West 2011) (defining "school" for this purpose to include a "day-care center").

[4] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(2) (West 2012).

In May 2012, appellant was again charged by information with the April 2009 possession of the marijuana. The 2012 information alleged:

Comes now the undersigned Assistant Criminal District Attorney of Lubbock County, Texas, in behalf of the State of Texas, and presents in and to the County Court at Law No. [2] of Lubbock County, Texas, that in Lubbock County, Texas, RICHARD KLEMISCH, hereafter styled the Defendant, heretofore on or about 13th day of April, A.D. 2009, did then and there intentionally or knowingly possess a usable quantity of marihuana in an amount of four ounces or less but more than two ounces;

And it is further presented in and to said Court that during a period from May 13, 2009 until June 9, 2011, an indictment charging the above offense was pending in a court of competent jurisdiction, to wit: cause number 2009-423,386 in the 137th District Court of Lubbock County, Texas, styled the State of Texas vs. Richard Klemisch.

During pretrial proceedings appellant reiterated his position that the county court at law did not have jurisdiction to act because of the running of limitations. He argued the May 2009 indictment did not toll limitations because the district court was not a court of competent jurisdiction for the case.

Appellant entered an open plea of guilty to the court in August 2012. Before doing so, he again reiterated his motion to quash the complaint and information on his limitations theory. The court denied the motion, and this appeal follows.

Analysis

On appeal, appellant raises one issue, comprised of several arguments. All of appellant's arguments turn on the validity of the tolling paragraph in the May 2012 information.

The sufficiency of a charging instrument presents a question of law. *Smith v. State,* 309 S.W.3d 10, 13 (Tex. Crim. App. 2010). An appellate court reviews a trial judge's ruling on a motion to quash a charging instrument *de novo. Id.* at 14.

A statute of limitations protects one accused of crime "from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Hernandez v. State,* 127 S.W.3d 768, 772 (Tex. Crim. App. 2004) (*citing Toussie v. United States*, 397 U.S. 112, 114-15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970)).

A defendant may challenge the jurisdiction of the trial court "if the face of the indictment shows that any prosecution is barred by the statute of limitations. This is because the defect is incurable and irreparable. Limitations is an absolute bar to prosecution." *Phillips v. State,* 362 S.W.3d 606, 617 n.64 (Tex. Crim. App. 2011) (*quoting Ex parte Smith,* 178 S.W.3d 797, 801-02 (Tex. Crim. App. 2005)); *Tita v. State*, 267 S.W.3d 33, 38 (Tex. Crim. App. 2008) (*citing* TEX. CODE CRIM. PROC. ANN. art. 21.02(6)). The presentment of an indictment or information to a court charging a person with commission of an offense invests a court with jurisdiction over the cause. TEX. CONST. art. 5, § 12(b); *Aguilar v. State,* 846 S.W.2d 318, 320 (Tex. Crim. App. 1993); *Studer v. State,* 799 S.W.2d 263, 268-69 (Tex. Crim. App. 1990). A district court has original jurisdiction in criminal cases "of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of [the Code of Criminal Procedure]." TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2012).

4

Article 12.05 of the Code of Criminal Procedure, the tolling statute, provides, in relevant part:

> (b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.
>
> (c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

"[A] prior indictment tolls the statute of limitations under Article 12.05(b) for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction." *Hernandez,* 127 S.W.3d at 774; TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West 2005). Thus "if the State's pleading includes a tolling paragraph, explanatory averments, or even innuendo allegations, this suffices to show that [a prosecution for] the charged offense is not, at least on the face of the indictment, barred by limitations." *Tita,* 267 S.W.3d at 38. Pleading tolling facts in the charging instrument "avoids a defect in the charging instrument." *Id.* (*quoting* G. Dix & R. Dawson, Texas Practice: Criminal Practice and Procedure § 20.349 at 740 (2nd ed. 2001)).

It is undisputed that the May 2009 indictment and the 2012 information alleged the same act of possession of the marijuana. The parties also agree that the indictment was pending from May 13, 2009 until June 9, 2011. Appellant asserts the May 2009 indictment was not effective to toll limitations because the district court was not a "court of competent jurisdiction" for the possession offense. Appellant argues the district court never acquired jurisdiction over the initial case filed in 2009 because the State would not have been able to prove the drug-free zone allegation.

5

We disagree.  It is the presentment of an indictment or information to a court charging a person with commission of an offense that gives the court jurisdiction over the cause.  *Aguilar,* 846 S.W.2d at 320.  Whether the State could prove the drug-free zone allegation is irrelevant to the court's jurisdiction. The May 2009 indictment alleged the offense of possession of marijuana in the amount of more than two but less than four ounces, TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(2) (West 2012), in a drug-free zone, a state-jail felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(e)(1) (West 2012) (addressing drug-free zones).  The indictment was returned within the applicable two-year limitations period. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (West 2012) (limitations for misdemeanor offenses). The 2009 indictment thus alleged a felony offense, vesting the district court with jurisdiction to hear the case.  TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2012).

Under the tolling statute, the time during the pendency of the May 2009 indictment is not included when computing the application of the two-year limitations period. TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West 2005).

Having concluded the information included a valid tolling paragraph, appellant's prosecution for the misdemeanor offense was not, on the face of the charging instrument, barred by limitations.  *Tita,* 267 S.W.3d at 38.  The county court at law had jurisdiction over the offense.

Conclusion

We resolve appellant's issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.