

## NUMBERS

## 13-14-00499-CR
## 13-14-00500-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RAUL GARZA SALAZAR,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Raul Garza Salazar, challenges the trial court's determination that he is

not indigent for purposes of receiving a free appellate record. *See* TEX. R. APP. P. 20.2.

We affirm.

## I. BACKGROUND

On December 18, 2013, a jury convicted appellant of two counts of abuse of official capacity and one count of tampering with governmental records. *See* TEX. PENAL CODE ANN. §§ 39.02(a), 37.10(a) (West, Westlaw through 2013 3d C.S.). The trial court assessed concurrent sentences of ten months' imprisonment in county jail on each count. Appellant timely filed notices of appeal in both cases, which this Court docketed under cause numbers 13-14-0006-CR and 13-14-0007-CR. On June 19, 2014, the Court granted appellant's motion to abate the appeals until the trial court disposed of appellant's motion for a free appellate record. *See* TEX. R. APP. P. 20.2 (providing that the trial court must order the appellate record "furnished without charge" if, following a hearing, the court determines that the appellant cannot "pay or give security" for it). The trial court entered an order denying appellant's motion for a free appellate record and entered findings of fact and conclusions of law.

Appellant filed notice of appeal of the court's ruling denying him a free appellate record, which this Court docketed under two cause numbers, 13-14-00499-CR and 13-14-00500-CR.[1] Appellant's counsel objected to an abatement order that this Court issued after appellant failed to file a brief in these appeals. We granted appellant's request for a thirty-day extension of time, making the appellate brief due on November 19, 2014. Appellant has not filed a brief. On December 17, 2014, we ordered appellant to file the appellate brief in these appeals on or before January 7, 2015, or else the Court would

---

[1] This Court has held in the past that "[a] separate notice of appeal is required to appeal the denial of indigency" in the criminal context. *Gonzales v. State*, No. 13-05-00690-CR, 2008 WL 4152002, at *1 (Tex. App.—Corpus Christi May 29, 2008, no pet.) (mem. op., not designated for publication) (per curiam) (citing *Duncan v. State*, 158 S.W.3d 606, 607 (Tex. App.—Waco 2005, no pet.)).

consider them without briefs. *See* TEX. R. APP. P. 38.8(b)(4). This Court has not received an appellate brief to date. We have accordingly submitted both appeals on the appellate record. *See id.*

## II. FUNDAMENTAL ERROR

In the criminal context, an appellate court's inherent power to dismiss a case is reserved for those situations where a party has engaged in "serious misconduct" such as bad-faith abuse of the judicial process. *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.). When, as here, an appellant fails to file a brief but has not engaged in serious misconduct, we submit the case without benefit of the briefs and, in the interest of justice, review the record. *Id.*

Our review in these circumstances is limited to fundamental error. *Id.* (citing *Lott v. State*, 874 S.W.2d 687, 688 & n.2 (Tex. Crim. App. 1994)). The Texas Court of Criminal Appeals has identified three general categories of fundamental error: (1) errors recognized by the Legislature as fundamental; (2) the violation of rights which are waivable only; and (3) the denial of absolute, systemic requirements. *See Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002). The *Saldano* Court listed the following specific examples: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' pretrial preparation for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) jury charge error resulting in egregious harm; (7) holding trial at a location other than the county seat; (8) prosecution under an *ex post facto* law; and (9) comments by the trial judge which taint the presumption of innocence. *See id.* at 888–89.

3

We have carefully reviewed the record for fundamental error, but have found none. *See Burton*, 267 S.W.3d at 103. Appellant's right to counsel was not violated because he was represented by counsel during the hearing. The trial court obtained jurisdiction over appellant by the initial indictments. *See Klemisch v. State*, 437 S.W.3d 628, 631 (Tex. App.—Amarillo 2014, no pet.) ("The presentment of an indictment or information to a court charging a person with commission of an offense invests a court with jurisdiction over the cause."). The trial court had subject-matter jurisdiction to determine whether appellant was indigent. *See* TEX. R. APP. P. 20.2; *see also Whitehead v. State*, 130 S.W.3d 866, 876 (Tex. Crim. App. 2004) (reviewing whether the trial court "conducted an adequate hearing"). Appellant's attorney was not appointed, so the statutory requirement of ten days' preparation is inapplicable. *See Harville v. State*, 591 S.W.2d 864, 869 (Tex. Crim. App. 1979). Finally, the hearing took place in Brownsville, Texas, which is the county seat of Cameron County. The other types of fundamental error identified by the *Saldano* Court are not relevant in this context because appellant is appealing only the denial of his motion for a free appellate record in both cases.

## III. CONCLUSION

We affirm the orders of the trial court denying appellant a free appellate record in each case.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of February, 2015.

4