**Affirmed; Opinion Filed August 19, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00362-CR
No. 05-18-00363-CR
No. 05-18-00364-CR

**JOHN F. SEAY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-44837-P, F17-44838-P & F17-44846-P**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Myers

John F. Seay appeals his March 6, 2018 convictions for theft of property valued at less than $2500 with two prior theft convictions, possession of less than one gram of cocaine, and credit card or debit card abuse. After appellant pleaded guilty under plea bargain agreements with the State, the trial court found him guilty and assessed punishment at one year in county jail for each offense, to be served concurrently. The trial court certified that each case was a plea bargain but matters were raised by written motion filed and ruled on before trial and that appellant had the right to appeal each. Appellant then filed timely pro se notices of appeal on March 29, 2018.

Although he was initially appointed appellate counsel, appellant later filed a pro se motion asking to dismiss counsel and proceed pro se. We abated the appeals for a hearing; the trial court held a hearing and made findings of fact. On December 3, 2018, we adopted the trial court's

findings that appellant appeared and wanted to represent himself pro se; appellant's waiver of appointed counsel was made competently, voluntarily, knowingly, and intelligently; after the trial court admonished appellant on the dangers and disadvantages of self-representation on appeal, appellant appeared fully aware of the same; and appellant was capable of representing himself in a manner that would not harm the interests of himself or the State; and appellant's self-representation could be accomplished without obstructing the orderly procedure of his appeals or without interfering with the fair administration of justice. We then ordered his brief due January 2, 2019. Over the months that followed, the Court granted numerous extensions on the brief. We discussed these extensions and the events that caused them in an order dated May 2, 2019. Specifically:

> [o]n January 25, 2019 appellant filed a letter explaining that he was unable to file a brief because he had been arrested in Arizona for violating parole and he had lost access to all of his legal materials. By order entered February 6, 2019, the Court granted appellant an extension and ordered his brief filed within thirty days. On February 21, 2019, appellant requested a second extension. By order entered February 27, 2019, the Court granted appellant thirty days to file his brief. On March 27, 2019, appellant filed a motion seeking a third extension on his brief and a motion seeking to compel his former appellate counsel to "surrender a copy of entire appellate record." By order dated April 1, 2019, the Court denied the motion to compel, but ordered the Clerk of the Court to furnish appellant with a copy of the appellate record. The April 1, 2019 order also ordered appellant to file his brief within thirty days and cautioned him that the Court would not grant any further extensions absent extenuating circumstances.

In our May 2, 2019 order, we granted appellant an additional thirty days but cautioned him that we would order the cases submitted without appellant's brief if he did not file his brief by that date. No brief was filed, and we ordered the cases submitted without a brief. *See Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994) (holding that where an appellant chooses to appear pro se and has been warned of the dangers of pro se representation on appeal, court need not remand for a hearing under rules of appellate procedure); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (no hearing required when appellant representing

himself fails to file appellate brief despite warnings; appellate court's review of record is limited to fundamental errors); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (same).

Absent a brief, no issues are before us. In the interest of justice, we reviewed the cases for fundamental errors but found none.

We affirm the trial court's judgments.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180362F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JOHN F. SEAY, Appellant

No. 05-18-00362-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-44837-P.
Opinion delivered by Justice Myers,
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of August, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JOHN F. SEAY, Appellant

No. 05-18-00363-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-44838-P.
Opinion delivered by Justice Myers,
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of August 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN F. SEAY, Appellant

No. 05-18-00364-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-44846-P.
Opinion delivered by Justice Myers,
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of August, 2019.