

**NUMBER 13-05-519-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**RANDALL BURTON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the County Court at Law No. 2
of Nueces County, Texas.**

**O P I N I O N**

**Before Justices Yañez, Rodriguez, and Vela
Opinion by Justice Yañez**

A jury found appellant, Randall Burton, guilty of possessing less than two ounces of marijuana.[1]  The jury assessed punishment at 60 days in jail and a $500 fine.  We affirm.

Appellant filed his notice of appeal on August 9, 2005.  On February 6, 2006,

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b)(1) (Vernon 2003).

appellant filed a "Motion to Withdraw Counsel." On March 30, 2006, the trial court conducted a hearing and determined that appellant had knowingly and intelligently waived his right to appellate counsel. The trial court instructed appellant to submit a brief within thirty days. Prior to the expiration of thirty days, appellant requested and received a 90-day extension to file his brief, thus making the brief due on or before August 1, 2006. On August 1, 2006, appellant requested and received a 30-day extension to file his brief. Thirty days later, appellant requested this Court to review his case without a brief, contending that a back injury hindered his ability to construct a brief. We denied this request on September 13, 2007. Appellant did not respond to this denial, and he has not filed a brief.

When an appellant has not filed a brief in a criminal case, the provisions in Texas Rule of Appellate Procedure 38.8(b) require the appellate court to remand the case to the trial court to conduct a hearing and to "make appropriate findings and recommendations."[2] "However, where an appellant chooses to appear *pro se* and has been warned of the dangers of *pro se* representation on appeal, there is no need to remand for a . . . hearing."[3] Though rule 38.8(b)(4) states that an "appellate court *may* consider [an] appeal without briefs, as justice may require," an appellate court's freedom of consideration is qualified by article 44.33(b) of the code criminal procedure, which states:

> Appellant's failure to file his brief in the time prescribed shall not authorize a dismissal of the appeal by the Court of Appeals or the Court of Criminal Appeals, nor shall the Court of Appeals or the Court of Criminal Appeals, for

---

[2] TEX. R. APP. P. 38.8(b)(3).

[3] *Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994) (discussing the predecessor to rule 38.8(b)).

such reason, refuse to consider appellant's case on appeal.[4] Traditionally, an appellate court's inherent power to dismiss a case is reserved for those situations in which a party has engaged in serious misconduct such as bad-faith abuse of the judicial process.[5]

Appellant has not filed a brief on his behalf in this appeal. Beyond his failure to file a brief, we cannot say that he has engaged in serious misconduct or committed a bad-faith abuse of the judicial process. We therefore submitted his case without the benefit of briefs and, in the interest of justice, reviewed the record.

When an appellant fails to file a brief, an appellate court's review of the record is limited to fundamental errors.[6] There are three categories of fundamental error: (1) errors recognized by the legislature as fundamental; (2) the violation of rights which are waivable only; and (3) the denial of absolute, systemic requirements.[7] In *Saldano v. State*, the court of criminal appeals enumerated the following "fundamental errors": (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9)

---

[4] TEX. CODE CRIM. PROC. ANN. art. 44.33(b) (Vernon 2006).

[5] *Chambers v. Nasco, Inc.*, 501 U.S. 35, 46-50 (1991); *Kutch v. Del Mar College*, 831 S.W.2d 506, 510-11 (Tex. App.–Corpus Christi 1992, no writ).

[6] *See Lott*, 874 S.W.2d at 688.

[7] *See Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002).

prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence.[8]

Our examination of the record does not reveal unassigned fundamental error.[9] Accordingly, we affirm the trial court's judgment.

 

 

LINDA REYNA YAÑEZ,
Justice

 

Publish.  TEX. R. APP. P. 47.2(b).

Opinion delivered and filed this
the 29th day of May, 2008.

---

[8] *See id.* at 888-89.

[9] *See Lott*, 874 S.W.2d at 688.