# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00011-CR

Richard C. Renfro, Appellant

v.

The State of Texas, Appellee

FROM COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 09-02077-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Richard C. Renfro was ticketed for the offense of failing to wear his seatbelt while riding in a passenger vehicle. *See* Tex. Transp. Code Ann. § 545.413 (West 2011). Renfro challenged the charge in a municipal court jury trial, where the jury found him guilty and assessed as punishment a $35 fine. Renfro then appealed the verdict to the county court at law, where a second jury convicted him on these same charges and again assessed a $35 fine as punishment. In addition, the county court assessed $228 in court costs. Renfro then filed a notice of appeal with this Court on December 21, 2009. Renfro has failed to file his appellate brief in this Court despite being granted almost seven months of extensions of time, the last of which carried a warning that

no further extensions would be granted.[1]  Finding no fundamental error apparent from the records presented, we will affirm the judgment.

When an appellant has not filed a brief in a criminal case, we usually remand the case to the trial court to conduct a hearing and to "make appropriate findings and recommendations." *See* Tex. R. App. P. 38.8(b)(2).  At such a hearing, the trial court determines whether the appellant is indigent and whether he wishes to pursue the appeal, and, if appellant is represented by retained counsel, the trial court must determine whether retained counsel has abandoned the appeal.  *See id*. Tex. R. App. P. 38.8(b)(2).  The latter determination is obviously irrelevant when, as here, the appellant is representing himself.

The circumstances of this case render the remand described in Rule 38.8 unnecessary. The clerk's record contains an acknowledgment signed by the defendant that the county court at law advised him of his right to be represented by counsel and of the "dangers and disadvantages of self-representation."  Renfro proceeded to represent himself at the trial court level as he does here. Renfro's affidavit of indigence has not been challenged, and his failure to file a brief without explanation despite four extensions of time and a warning that no more extensions were permitted demonstrates his abandonment of this appeal.  Because Renfro has been warned of the dangers of

---

[1]  Renfro's brief in this Court was originally due December 17, 2010.  His motions for extension of time to file his brief were granted, resetting the due date to January 31, 2011, then March 31, 2011, then May 31, 2011, and finally to July 15, 2011.  The fourth extension was accompanied by notice that no further extensions of time would be granted.  Renfro has not filed a brief.

pro se representation,[2] there is no need to remand for a rule 38.8(b) hearing because the purposes of such a hearing have been satisfied by the circumstances of this case. *See Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.). We submit this case without the benefit of briefs and, in the interest of justice, review the record for fundamental errors. *See Burton*, 267 S.W.3d at 103.

Fundamental errors include: (1) errors recognized by the legislature as fundamental; (2) the violation of rights which are waivable only; and (3) the denial of absolute, systemic requirements. *Id.* (citing *Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002)). The court of criminal appeals has enumerated the following "fundamental errors": (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Id*. at 888-89.

Our examination of the record does not reveal any fundamental error. The clerk's record, which contains filings from both the municipal court and the county court at law proceedings, reveals that Renfro challenged many aspects of the trial process including jurisdiction, the existence

---

[2] Although the only admonishment regarding the dangers of self-representation occurred at the outset of his appeal to the county court at law, we conclude that the county court at law's admonition regarding the "dangers and disadvantages of self-representation" was not trial-court specific. It sufficed to alert Renfro to those dangers and disadvantages through his appeal to this Court.

of probable cause for the traffic stop, the evidentiary basis for the indictment, the applicability of the safety belt statute, the circumstances of the presentation of a plea bargain, and the impartiality of the trial judge. The reporter's record of the county court at law trial shows that the arresting officer was the only witness. He testified that he saw Renfro driving a vehicle on a public street while not wearing a seat belt even though the vehicle was equipped with seat belts. Our review of the clerk's and reporter's records to evaluate Renfro's claims and other possible errors reveals no fundamental error.

We affirm the trial court's judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed:   September 29, 2011

Do Not Publish

4