**Affirmed and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00033-CR
_____

## EX PARTE RICARDO GUZMAN, Appellant

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 09-DCR-051876

# MEMORANDUM OPINION

This appeal arises from an order signed December 13, 2011, denying appellant's application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.072. The clerk's record was filed January 6, 2012. No reporter's record was taken.

Appellant is represented by retained counsel but appellant's brief has not been filed. We were informed appellant has been deported. We abated this appeal for a hearing to determine whether appellant desires to prosecute his appeal and, if so, whether appellant has abandoned the appeal or failed to make necessary arrangements for filing a brief. *See* Tex. R. App. P. 38.8(b).

On June 12, 2012, the trial court conducted the hearing, and the record of the hearing was filed in this court on June 12, 2012. A supplemental clerk's record containing the trial court's findings and conclusions was filed in this court on June 15, 2012.

The record reflects appellant is not indigent and is represented by retained counsel. Appellant has been deported and has maintained sporadic communication with his attorney during pendency of this appeal. Counsel has communicated with appellant following his deportation by phone and e-mail, and has sent court documents to appellant. Appellant has stated his desire to pursue this appeal and entered in a fee arrangement to pay counsel for pursuit of his appeal but has failed to make the necessary arrangements to pay counsel for his services on appeal. The trial court found that appellant has failed to make the necessary arrangements for filing his brief on appeal and has thus abandoned his appeal

Accordingly, we consider the appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4). When an appellant fails to file a brief, our review of the record is limited to certain categories of fundamental errors: (1) errors recognized by the legislature as fundamental; (2) the violation of rights, which are waivable only; and (3) the denial of absolute, systemic requirements. *See Burton v. State,* 267 S.W.3d 101, 103 (Tex. App.--Corpus Christi 2008, no pet.) (citing *Saldano v. State,* 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002)). The court of criminal appeals has enumerated the following fundamental errors: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Saldano,* 70 S.W.3d at 888–89; Burton, 267 S.W.3d at 103.

Our examination of the record reveals no fundamental error. Accordingly, we affirm the trial court's judgment.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).