# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00092-CR

**Randall Joseph Boudreaux, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY**
**NO. C-1-CR-09-209499; HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Randall Joseph Boudreaux of driving while intoxicated, and the trial court assessed punishment at 180 days imprisonment and a $2,000 fine, probated for two years. Boudreaux appealed, but never made arrangements to pay for the reporter's record. In November 2012, after counsel failed to respond to our notice that the brief was overdue, we abated the appeal to the trial court for a hearing pursuant to rule 38.8(b). *See* Tex. R. App. P. 38.8(b) (when brief is not filed in criminal case, appellate court should abate cause to trial court for hearing to determine whether defendant is indigent, wishes to prosecute appeal, or has been abandoned by counsel).

The trial court responded by informing us that it attempted to conduct the hearing but that Boudreaux did not appear. The court said that Boudreaux initially agreed to appear but then called the court to say he would not appear but that he had hired an attorney to represent him. No

attorney appeared at the hearing, however, and the trial court stated it had issued a capias and set an appeal bond amount. Boudreaux's retained attorney has filed a motion to withdraw, explaining that Boudreaux will not return counsel's phone calls and had "vanished." Counsel does not have a mailing address for Boudreaux and does not know his whereabouts, and the only contact numbers he has for Boudreaux are for a pager and a fax machine.

Because Boudreaux has ceased communicating with his retained attorney and the trial court, has not arranged for a new attorney to represent him, and has not arranged for the reporter's record to be filed or to file a brief, we submitted this case for submission without a brief, as required by rule 38.8(b)(4). *See id.*

Based on our review of the clerk's record, the only record on file in his cause, we have not found any fundamental error. *See Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (explaining process of considering criminal appeal when defendant does not file brief). We therefore affirm the trial court's judgment. We grant counsel's motion to withdraw.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: May 15, 2013

Do Not Publish

2