**Opinion issued November 13, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00556-CR

————————————

**ERIC VICENTE ROSTRO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 57,844**

## MEMORANDUM OPINION

Appellant Eric Vicente Rostro pleaded guilty to the offense of felony driving while intoxicated.[1]  Pursuant to the State's punishment recommendation, the trial

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, .09(b)(2) (Vernon Supp. 2014)

court sentenced Appellant to three years in prison, suspended the sentence, placed him on community supervision for three years, and assessed a $500 fine.

Two months later, the State filed a motion to revoke Appellant's community supervision. Appellant pleaded true to six of the State's allegations asserted in the motion to revoke, thus admitting that he had violated the terms of his community supervision by consuming alcohol, committing a traffic offense, and operating a motor vehicle after his license had been suspended. Following the preparation of a presentence investigation report, the trial court conducted a sentencing hearing at which it revoked Appellant's community supervision and sentenced him to three years in prison.

During the trial court proceedings, Appellant had been represented by retained counsel. Following the trial court's rendition of judgment, Appellant filed a pro se notice of appeal. Appellant was appointed appellate counsel. After appointed counsel did not file a brief, we abated the appeal and remanded the case to the trial court for a determination of whether Appellant desired to prosecute his appeal. *See* TEX. R. APP. P. 38.8(b)(2).

The trial court conducted a hearing at which Appellant's appointed counsel and an attorney representing the State appeared. The record shows that, Appellant's appointed counsel presented a motion to dismiss the appeal at the hearing. She also filed the motion to dismiss in the trial court.

2

During the hearing, appointed counsel stated the efforts that she had made to contact Appellant through the prison system. She informed the trial court that she had learned that Appellant had been deported. Counsel stated that, although she had made further efforts, she had been unable to obtain a forwarding address or other contact information for Appellant.

In addition, the State's attorney informed the trial court that the district attorney's investigator had learned from federal immigration authorities that Appellant had been deported. The trial court admitted an exhibit offered by the State that included correspondence from the investigator and other documents verifying that Appellant had been deported. The trial court made a finding on the record that Appellant did not wish to prosecute this appeal.

After a transcript of the hearing and a supplemental clerk's record was filed with the Clerk of this Court, we reinstated the appeal. In our reinstatement order, we acknowledged that Appellant's counsel had filed a motion to dismiss the appeal; however, we pointed out that the motion did not comply with Rule of Appellate Procedure 42.2(a), which requires that the appellant also sign a motion to dismiss in a criminal appeal. *See* TEX. R. APP. P. 42.2(a).

Based on the supplemental record, we ordered the appeal to be considered without the benefit of briefs. *See* TEX. R. APP. P. 38.8(b)(4) (providing that appellate court may consider an appeal without briefs when trial court has found

that the appellant no longer desires to prosecute the appeal, as justice may require). When we determine an appeal in a criminal case without the benefit of an appellant's brief, our review of the record is limited to fundamental errors. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *see also Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (discussing process of considering criminal appeal when defendant does not file brief). Fundamental errors include the following: (1) errors recognized by the legislature as fundamental; (2) the violation of rights that are waivable only; and (3) the denial of absolute, systemic requirements. *Burton*, 267 S.W.3d at 103 (citing *Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002)). The Texas Court of Criminal Appeals has also identified the following "fundamental errors": (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Saldano*, 70 S.W.3d at 888–89; *Burton*, 267 S.W.3d at 103.

Our examination of the trial court record reveals no fundamental error. Accordingly, we affirm the trial court's judgment.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).