**Opinion issued September 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01008-CR

————————————

**DAVID SCOTT LINDSEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1281488**

---

## MEMORANDUM OPINION

Appellant, David Scott Lindsey, was sentenced to 25 years' imprisonment after pleading guilty, without an agreed recommendation, to the felony offense of intent to deliver methamphetamine (4 to 200 grams). *See* TEX. HEALTH & SAFETY CODE §§ 481.102, 481.112(a). Appellant subsequently filed a notice of appeal.

After appellant's retained counsel did not file a brief, we abated the appeal and remanded the case to the trial court to determine whether appellant desired to prosecute his appeal. *See* TEX. R. APP. P. 38.8(b)(2). At the abatement hearing, appellant stated that he no longer desires to prosecute his appeal. The supplemental record includes the trial court's finding that appellant no longer desires to prosecute his appeal. Based on the supplemental record, we ordered the appeal to be considered without briefs. *See* TEX. R. APP. P. 38.8(b)(4) (providing that appellate court may consider an appeal without briefs when trial court has found that the appellant no longer desires to prosecute the appeal, as justice may require); *Ayala v. State*, No. 01-13-00393-CR, 2015 WL 161788, at *1 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no pet.) (considering appeal without briefs when trial court found that appellant no longer desired to prosecute appeal).

When we determine an appeal in a criminal case without the benefit of an appellant's brief, our review of the record is limited to fundamental errors. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *see also Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (discussing process of considering criminal appeal when defendant does not file brief). Fundamental errors include the following: (1) errors recognized by the legislature as fundamental; (2) the violation of rights that are waivable only; and (3) the denial of absolute, systemic requirements. *Burton*, 267 S.W.3d at 103 (citing *Saldano v.*

*State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002)). The Texas Court of Criminal Appeals has also identified the following "fundamental errors": (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Saldano*, 70 S.W.3d at 888–89; *Burton*, 267 S.W.3d at 103.

Our examination of the trial court record reveals no fundamental error. Accordingly, we affirm the trial court's judgment.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).