Opinion issued November 19, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01038-CR

————————————

**GARRETT DEWAYNE WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1186821**

---

## MEMORANDUM OPINION

Appellant pled guilty to the felony offense of robbery by bodily injury. In accordance with the terms of appellant's plea bargain agreement with the State, he was sentenced to 5 years' deferred adjudication community supervision. The State filed and then dismissed several motions to adjudicate, but it re-filed its final

motion to adjudicate on September 19, 2013. Appellant was represented by appointed counsel at the hearing on the motion, and appellant pled true to violating the conditions of his community supervision. On October 24, 2013, the trial court signed an order adjudicating guilt and sentencing appellant to 5 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely filed his pro se notice of appeal on November 1, 2013. The trial court signed a certification of defendant's right of appeal, finding this was not a plea bargain case and that appellant had the right of appeal. The clerk's record was filed on December 20, 2013. The court reporter advised that no reporter's record was taken; however, a hearing record from the motion to adjudicate hearing was subsequently filed. Because a hearing was held in juvenile court before appellant was transferred to the district court to be tried as an adult, we ordered the court reporter to file that hearing and this is now part of the record.

On December 30, 2013, appellant filed a pro se motion to dismiss the appeal. This Court denied that motion on January 7, 2014, noting that, although appellant expressed his desire to dismiss the appeal, he also claimed coercion was involved. Accordingly, in our notice denying the motion, we invited appellant to re-file a motion to dismiss and clarify that the motion was voluntarily made. No further motion was received.

Appellant's brief was due February 17, 2014. No brief was filed. Notice issued regarding the late brief on March 12, 2014. No response was received. On April 24, 2014, this Court issued an order, abating the appeal and directing the trial court to hold a hearing and make findings regarding appellant's desire to prosecute his appeal, whether her was indigent and entitled to appointed counsel, or if not indigent, whether he intended to hire counsel and to set a date for the filing of the brief.

The hearing was held on May 22, 2014. Appellant attended the hearing, with counsel that the trial court appointed solely for the purpose of the abatement hearing. Appellant stated he was out on parole, he intended to pursue his appeal, he was not indigent, and he intended to hire counsel in "a couple of months." Appointed counsel asked to be released and the trial court granted that request. The trial court made findings on the record that appellant desired to prosecute the appeal and was not indigent, and that appellant would hire counsel by July 24, 2014. The trial court also found that appellant was unable to pay for the reporter's record and he would be afforded this record at no cost.

No counsel made an appearance and no brief was filed. On January 29, 2015, this Court issued another order, abating the case and directing the trial court to make findings. The hearing record from the abatement hearing was filed on April 20, 2015, and in that hearing, the trial court stated it was unable to locate

3

appellant,[1] but that in light of appellant's failure to hire counsel, as he had advised the trial court he would in May 2014, his failure to respond to notifications about the brief or to notify the trial court of his desire to pursue his appeal, the trial court found that appellant had abandoned his appeal. Thereafter, we issued an order, reinstating the appeal, noting the trial court's finding that appellant had abandoned his appeal, and advising that we would consider the appeal without briefs. TEX. R. APP. P. 38.8(b)(4).

When an appellant fails to file a brief, we may submit the case without briefs and review the entire record, in the interest of justice, to determine if the record reveals fundamental error. *See Rostro v. State*, No. 01-11-00556-CR, 2014 WL 6068419, at *1 (Tex. App.—Houston [1st Dist.] Nov. 13, 2014, no pet.); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.); TEX. R. APP. P. 38.8(b)(4). The courts have set out three classes of fundamental error: "(1) errors recognized by the legislature as fundamental; (2) the violation of rights which are waivable only; and (3) the denial of absolute, systemic requirements." *Burton*, 267 S.W.3d at 103 (citing *Saldano v. State*, 70 S.W.3d 873, 88788 (Tex. Crim. App. 2002)). For example, the following have been held to be fundamental error: "(1) denial of the right to counsel, (2) denial of the right to a jury trial, (3) denial of ten days' preparation before trial for appointed counsel, (4) absence of

_____

[1] Several notices sent to appellant by this Court were also returned.

4

jurisdiction over the defendant, (5) absence of subject-matter jurisdiction, (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the state constitution, (7) jury charge errors resulting in egregious harm, (8) holding trials at a location other than the county seat, (9) prosecution under an ex post facto law, and (10) comments by a trial judge which taint the presumption of innocence." *Rostro*, 2014 WL 6068419, at \*1 (citing *Saldano*, 70 S.W.3d at 88889; *Burton*, 267 S.W.3d at 103).

We have reviewed the entire clerk's record and reporter's records from the hearing on the motion to adjudicate and in the juvenile court, and we find no fundamental error. Accordingly, we affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).