

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00199-CR

MANDY KAY DAVIS, APPELLANT[1]

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 64,096-E, Honorable Douglas R. Woodburn, Presiding

January 5, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Mandy Kay Davis, proceeding pro se, appeals the trial court's judgment revoking her community supervision and sentencing her to five years' confinement for the offense of burglary of a habitation.[2]  Finding no fundamental error, we modify and affirm the trial court's judgment as modified.

---

[1] Appellant is also known as Mandy Kay Rippetoe.

[2] TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2019).

## Background

In 2015, as part of a plea agreement, appellant pleaded guilty to a second-degree felony offense of burglary of a habitation. In exchange, appellant was placed on community supervision for three years and ordered to pay $4,046.40 in restitution.

In 2017, appellant's conditions of supervision were amended to include a drug and alcohol evaluation, in-patient drug treatment, and enrollment in an intermediate sanctions facility to address her substance abuse.

In 2018, the State filed a motion to revoke appellant's community supervision alleging appellant had violated several conditions of her community supervision. In May of 2019, the trial court held a hearing on the State's motion and appellant was represented by appointed counsel at the hearing. Appellant pleaded "not true" to the State's allegations but admitted to several of the State's allegations during the hearing. During her testimony, appellant acknowledged that she used methamphetamine from February 9, 2018 through March 24, 2018, failed to report as required, and failed to pay her court-ordered restitution. At the conclusion of the testimony, the trial court found that appellant had violated the provisions of her community supervision as alleged by the State. The trial court signed a judgment revoking appellant's community supervision and sentencing appellant to five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely filed her notice of appeal on June 5, 2019. On July 22, the trial court signed an order denying appellant's motion for new trial and an order allowing appellant's trial counsel to withdraw.

2

The clerk's record was filed on September 26,[3] but it did not contain the trial court's certification of appellant's right to appeal the judgment. TEX. R. APP. P. 25.2(a)(2). By letter of September 26, we notified the trial court of the omission and requested that the court file a certification with the district clerk by October 28. TEX. R. APP. P. 37.1. After receiving notification from the district clerk that the certification had not been filed, we abated and remanded the appeal for a certification of appellant's right of appeal. On January 6, 2020, the trial court's certification of appellant's right of appeal was filed; however, it was not signed by appellant or appellant's attorney.

Appellant's brief was due on February 28. No brief was filed. We issued notice to appellant regarding the late brief on March 10. No response was received.[4] On March 31, this Court issued its second order abating the appeal and directing the trial court to hold a hearing and make findings regarding appellant's desire to prosecute her appeal, whether she was indigent and entitled to appointed counsel, or if not indigent, whether she intended to hire counsel and to set a date for the filing of her brief.

On July 17, the district clerk filed a supplemental record containing the trial court's findings on abatement and remand. The trial court made findings on the record that its efforts to contact appellant were unsuccessful. The trial court learned that appellant had been paroled from the Texas Department of Criminal Justice on December 12, 2019 and that appellant was to reside in Pisgah, Alabama. The court further found "appellant has

---

[3] The reporter's record was filed on October 4.

[4] The Clerk of this Court sent the March 10 letter to appellant at her last known address. The letter was returned to the Clerk undelivered. Appellant has not provided the Court with any other mailing address. TEX. R. APP. P. 9.1(b) (requiring unrepresented parties to provide appellate courts with their contact information).

3

not made efforts to communicate with the trial court nor to notify it of [a]ppellant's efforts to pursue an appeal or an updated mailing address."

After receiving the trial court's findings, we reinstated the appeal. By letter dated July 30, 2020,[5] we set appellant's brief as being due on or before August 31, 2020, with the admonition that failure to file a brief by this deadline will result in submission of the appeal to the Court for consideration upon the record provided, without briefs. Appellant did not file a brief.[6]

Discussion and Analysis

When, as here, an appellant fails to file a brief, we may submit the case without briefs and review the entire record, in the interest of justice, to determine if the record reveals fundamental error. *See* TEX. R. APP. P. 38.8(b)(1), (4); *Burton v. State,* 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.).

There are three recognized categories of fundamental error: (1) errors recognized by the Legislature as fundamental; (2) the violation of rights which are "waivable only;" and (3) the denial of absolute, systemic requirements. *Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002); *Burton,* 267 S.W.3d at 103. The Court of Criminal Appeals has enumerated the following fundamental errors: (1) denial of the right to

---

[5] The Clerk of this Court sent the letter to the address provided by the trial court in its findings on abatement and remand.

[6] Article 44.33(b) of the Texas Code of Criminal Procedure mandates that an "[a]ppellant's failure to file [her] brief in the time prescribed shall not authorize a dismissal of the appeal by the Court of Appeals or the Court of Criminal Appeals, nor shall the Court of Appeals or the Court of Criminal Appeals, for such reason, refuse to consider appellant's case on appeal." TEX. CODE CRIM. PROC. ANN. art. 44.33(b) (West 2018).

4

counsel; (2) denial of the right to a jury trial; (3) denial of appointed counsel's right to ten days to prepare for trial; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the Texas Constitution; (7) jury charge errors resulting in egregious harm; (8) prosecution at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Saldano,* 70 S.W.3d at 887-89.

Bearing in mind these potential errors, without the benefit of an appellate brief, we have thoroughly examined the clerk's record and the reporter's record from the guilty plea and the hearing on the motion to revoke. We find no fundamental error.

Our review of the record did reveal errors in the trial court's judgment revoking community supervision as it relates to the plea to the motion to revoke and the assessment of a $5,000 fine when appellant was placed on community supervision. The court reporter's record indicates that no fine was assessed when appellant was placed on community supervision and appellant pleaded "not true" to the allegations in the State's motion to revoke. This Court has the authority to modify or reform a judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b). Consequently, we modify the trial court's judgment to reflect that no fine was ordered and appellant pleaded "not true."

Conclusion

5

We affirm the trial court's judgment as modified.


Judy C. Parker
Justice


Do not publish.