# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00562-CR

**Wynston Vonzell Day, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-20-207342, THE HONORABLE BRANDY MUELLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wynston Vonzell Day was charged with and pleaded guilty to the offense of misdemeanor assault causing bodily injury. *See* Tex. Penal Code § 22.01(a)-(b). The trial court determined that Day was indigent, and an attorney was appointed to represent him. At a pretrial hearing, Day elected to proceed pro se, but his appointed attorney and a later appointed attorney served as standby counsel. *See Faretta v. California*, 422 U.S. 806, 819 (1975). Under the terms of a plea-bargain agreement, Day agreed to plead no contest in exchange for the State's recommendation that he be sentenced to ninety days in county jail. The trial court accepted the plea-agreement terms and sentenced him to the recommended ninety days' confinement. *See* Tex. Penal Code § 12.21. Following his conviction, the trial court certified that Day had the right to appeal, and he filed a pro se notice of appeal. Day's brief was originally due April 19, 2021. On May 20, 2021, the clerk's office for this Court sent Day a letter informing him that his brief was overdue and warning him that if he did not file a brief or motion for extension of time

by June 1, 2021, this appeal would be submitted on the record alone. To date, Day has not filed an appellant's brief or a motion for extension of time.

Generally, Rule of Appellate Procedure 38.8 requires an appellate court to order the trial court to hold a hearing when an appellant's counsel has not timely filed a brief so that the trial court can determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or if appellant is not indigent, whether appellant's retained counsel has abandoned the appeal. *See* Tex. R. App. P. 38.8(b). However, Rule 38.8 also provides that, in certain circumstances, "the appellate court may consider the appeal without briefs, as justice may require." *See id.* "[W]here an appellant chooses to appear *pro se* and has been warned of the dangers of *pro se* representation on appeal, there is no need to remand for a . . . hearing." *Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994) (applying predecessor to Rule 38.8); *see Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (explaining that analysis from *Lott* also applies under Rule 38.8); *see also Renfro v. State*, No. 03-10-00011-CR, 2011 WL 4507320, at *1 (Tex. App.—Austin Sept. 29, 2011, no pet.) (mem. op., not designated for publication) (explaining that hearing under Rule 38.8 is unnecessary where appellant represented himself at trial and on appeal, where indigency determination is not being challenged, and where appellant demonstrated his abandonment of appeal by failing to file brief).

In those circumstances, appellate courts review the record for the presence of unassigned fundamental error. *See Burton*, 267 S.W.3d at 103. The Court of Criminal Appeals has explained that the following types of errors are fundamental: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a statute that violates the separation-of-powers provision

2

of the Texas Constitution; (7) jury-charge errors resulting in egregious harm; (8) trials being held in a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments made by a trial judge that taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002).

In the interest of justice, we have reviewed the record in this case. Having found no unassigned fundamental error, we affirm the trial court's judgment of conviction. *See Lott*, 874 S.W.2d at 688; *see also Renfro*, 2011 WL 4507320, at *2 (reviewing record for fundamental error and affirming conviction where indigent appellant was representing himself and failed to timely file his appellant's brief).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   September 1, 2021

Do Not Publish