**Affirmed and Opinion Filed October 5, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-01002-CR

### JAY SANDON COOPER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-86065-2019**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Partida-Kipness

Jay Sandon Cooper appeals from a judgment adjudicating him guilty of the

misdemeanor offense of interference with the duties of a peace officer. Appellant,

proceeding pro se, failed to file an appellant's brief. We affirm.

## BACKGROUND

On June 3, 2019, a Collin County Deputy Constable attempted to serve

appellant with a Writ of Possession. Appellant was arrested after he refused to come

out of the residence and denied the peace officer entry into the residence. The State

charged appellant by information with the misdemeanor offense of interference with

the duties of a peace officer. The case was tried to a jury in October 2021. The jury found appellant guilty as charged in the information and assessed punishment at ten days' confinement and a $500.00 fine. The jury also recommended the sentence and fine be suspended. The trial court signed a judgment on October 29, 2021, and Appellant timely appealed.

Appellant proceeded pro se in this Court. The record in this appeal was complete on January 5, 2023, and appellant's brief was originally due Monday, February 6, 2023. *See* TEX. R. APP. P. 4.1(a). No brief was filed, and on February 8, 2023, this Court directed appellant to file his brief by February 21. 2023.[1] Over the next five months, appellant sought multiple extensions of time to file his brief and to supplement the record:

- On February 21, 2023, appellant filed his "Motion to Extend Time" to file the brief seeking "an extension of time to file his Brief."

- On March 8, 2023, we granted the motion for extension of time to file the brief and ordered appellant to file his brief by April 7, 2023.

- On April 7, 2023, appellant filed his "Motion for Order to Clerk; and Motion to Extend Time" seeking supplementation of the clerk's record and an extension of time to file appellant's brief.

- On May 4, 2023, this Court denied appellant's request for supplementation of the clerk's record but granted the request for extension of time to file brief, ordering appellant to file his brief by June 5, 2023. The May 4, 2023 order cautioned appellant: "In

---

[1] The Court ordered appellant to file his brief within ten days. The tenth day, February 18, 2023, was a Saturday, and Monday February 20, 2023, was a legal holiday, so appellant's brief was due February 21, 2023. *See* TEX. R. APP. P. 4.1(a).

view of the extensions granted, the Court is unlikely to grant any further extensions on appellant's brief."

- On May 8, 2023, appellant filed "Appellant's Request for Ruling on Previously Filed 'Motion for Order to Clerk; and Motion to Extend Time'; and Motion to Extend Time or Reset the Briefing Period."

- On May 10, 2023, this Court denied the May 8, 2023 motion in part, but we granted the request for extension of time to file the brief, and ordered appellant to file his brief on or before June 5, 2023. We again cautioned appellant: "In view of the extensions granted, the Court is unlikely to grant any further extensions on appellant's brief."

- Appellant filed an additional motion regarding the record on May 17, 2023, which this Court denied on May 26, 2023. Our May 26, 2023 order also ordered appellant to file his brief by June 5, 2023, and again cautioned appellant: "In view of the extensions granted, the Court is unlikely to grant any further extensions on appellant's brief."

Despite four extensions of time to file his brief, Appellant failed to file a brief by June 5, 2023. Instead, he filed a motion to abate the appeal and remand to the trial court for issuance of additional findings of fact and conclusions of law. In a June 6, 2023 Order, we denied the motion and ordered appellant to file his brief by June 16, 2023. We also noted "[a]ppellant has had over five months to prepare his brief since the record was complete, and the time is now four months past the original date the brief was due." We informed appellant if his brief was not filed by June 16, 2023, "the Court will submit this appeal on the record and without appellant's brief." *See* TEX. R. APP. P. 39.1(4).

Appellant failed to file a brief by June 16, 2023. We notified appellant on August 4, 2023, the case would be submitted without oral argument on October 3, 2023. On August 12, 2023, appellant filed a letter requesting an electronic copy of the appellate record. The Court sent him a copy of the appellate record on August 14, 2023.

We submitted the appeal without briefs on October 3, 2023. *See* TEX. R. APP. P. 38.8(b)(4). Appellant failed to file a brief prior to submission. Instead, on October 3, 2023, appellant filed an "emergency" motion to abate the submission date and a motion for extension of time to file his brief. We denied the motions.

## FUNDAMENTAL ERROR

The failure of an appellant to file an appellant's brief in a criminal case does not authorize the dismissal of a case. TEX. R. APP. P. 38.8(b)(1); *see also* TEX. CODE CRIM. PROC. art. 44.33(b) (stating appellant's failure to file his brief in the time prescribed shall not authorize dismissal of appeal by court of appeals). Generally, when an appellant has not filed a brief in a criminal case, Rule 38.8(b) requires the appellate court to remand the case to the trial court to conduct a hearing and "determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations." TEX. R. APP. P. 38.8(b)(2); *see also Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). But when an appellant has chosen to represent

–4–

himself on appeal and has already been warned of the dangers of pro se representation, there is no need to remand for such a hearing. *Burton*, 267 S.W.3d at 103; *see also Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994).

Moreover, Rule 38.8(b)(4) states an "appellate court may consider [an] appeal without briefs, as justice may require." TEX. R. APP. P. 38.8(b)(4); *see also Scwartzkopf v. State*, Nos. 05-21-00662-CR, 05-21-00663-CR, 2022 WL 3714518, at *1 (Tex. App.—Dallas Aug. 29, 2022, no pet.) (mem. op., not designated for publication) (submitting case without briefs and reviewing record for fundamental error where pro se appellant failed to file brief). In doing so, we review the record for fundamental error. *Id.*; *Seay v. State*, Nos. 05-18-00362-CR to 05-18-00364-CR, 2019 WL 3886652, at *1–2 (Tex. App.—Dallas Aug. 19, 2019, no pet.) (mem. op., not designated for publication); *Cooper v. State*, No. 05-14-00089-CR, 2015 WL 150081, at *1 (Tex. App.—Dallas Jan. 8, 2015, pet. ref'd) (mem. op., not designated for publication); *Washington v. State*, No. 01-13-01038-CR, 2015 WL 7300511, at *2 (Tex. App.—Houston [1st Dist.] Nov. 19, 2015, no pet.) (mem. op., not designated for publication) ("When an appellant fails to file a brief, we may submit the case without briefs and review the entire record, in the interest of justice, to determine if the record reveals fundamental error.").

Fundamental errors include: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter

jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *See Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); *Burton*, 267 S.W.3d at 103.

In the interest of justice, we have reviewed the entire record for fundamental error and have found none. *See Burton*, 267 S.W.3d at 103; *see also Schwartzkopf*, 2022 WL 3714518, at \*1. We, therefore, affirm the trial court's judgment.

## CONCLUSION

Without a brief, no issues are before us. Finding no fundamental error, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

211002F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAY SANDON COOPER, Appellant

No. 05-21-01002-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas Trial Court Cause No. 006-86065-2019.
Opinion delivered by Justice Partida-Kipness. Justices Reichek and Breedlove participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of October 2023.