**Affirm and Opinion Filed April 29, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01110-CR**

**No. 05-22-01111-CR**

**CHARLES ANTHONY MILLER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 219-83973-2017 & 219-83974-2017**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Carlyle
Opinion by Justice Reichek

Pursuant to a plea agreement, appellant Charles Anthony Miller pleaded no contest to theft of property valued at $200,000 or more and money laundering of $200,000 or more. In accordance with the agreement, in October 2022, the trial court signed orders of deferred adjudication and placed appellant on community supervision for ten years. The trial court ordered appellant to pay restitution of $1,751,500. Restitution was not part of the plea agreement, and the trial court granted appellant permission to appeal the restitution orders. Appellant's trial

counsel filed notices of appeal. Appellant, who is now pro se, has not filed an appellant's brief. We affirm the trial court's orders.

In December 2022, the district clerk and the court reporter notified this Court that no payments had been made for the record in these cases. When appellant's counsel did not respond to our letters about payment for the record, we abated the appeals and ordered the trial court to hold a hearing to determine: (1) whether appellant desired to prosecute the appeals; (2) if so, whether he was indigent and entitled to proceed without payment of costs for the record; and (3) if he was not indigent and desired to prosecute the appeals, whether payment or payment arrangements had been made for the clerk's and reporter's records. In February 2023, the trial court conducted a hearing at which appellant and his attorney appeared. The trial court found that appellant's counsel wanted to withdraw; appellant desired to prosecute his appeals and was not indigent; appellant had not and did not intend to retain new counsel; and appellant would proceed pro se and pay for the record within 30 days. The appeals were reinstated, and appellant's counsel filed a motion to withdraw, which this Court granted on March 21, 2023.

The appellate record was filed, and appellant's brief was initially due on May 28, 2023. Appellant filed three pro se motions to extend the time to file his brief, which we granted. In granting the third extension, the Court warned that if appellant failed to file his brief by November 3, 2023, we "may consider the appeal without briefs, as justice may require. *See* TEX. R. APP. P. 38.8(b)(4)." Appellant did not file

–2–

a brief and has not communicated with the Court since his last extension motion. The Court notified appellant that his appeals would be submitted on April 23, 2024, without oral argument. We submitted the appeals without briefs on that date.

The failure of an appellant to file an appellant's brief in a criminal case does not authorize dismissal of a case. TEX. R. APP. P. 38.8(b)(1); *Cooper v. State*, No. 05-21-01002-CR, 2023 WL 6475647, at *2 (Tex. App.—Dallas Oct. 5, 2023, pet. ref'd) (mem. op., not designated for publication). Generally, when an appellant has not filed a brief in a criminal case, Rule 38.8(b) requires the appellate court to remand the case to the trial court to conduct a hearing and "determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations." TEX. R. APP. P. 38.8(b)(2). But because appellant is not indigent and has chosen to represent himself on appeal, there is no need for us to remand again for such a hearing. *See Cooper*, 2023 WL 6475647, at *2.

Under Rule 38.8(b)(4), "an appellate court may consider [an] appeal without briefs, as justice may require." TEX. R. APP. P. 38.8(b)(4). In doing so, we review the record for fundamental error. *Cooper*, 2023 WL 6475647, at *2; *Schwartzkopf v. State*, No. 05-21-00663-CR, 2022 WL 3714518, at *1 (Tex. App.—Dallas Aug. 29, 2022, no pet.) (mem. op., not designated for publication). Fundamental errors include: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3)

denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Cooper*, 2023 WL 6475647, at *2 (citing *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.)).

In the interest of justice, we have reviewed the entire record for fundamental error and have found none. Accordingly, we affirm the trial court's orders.

/Amanda L. Reichek//

221110f.u05                                      AMANDA L. REICHEK
221111f.u05                                      JUSTICE
Do Not Publish.
TEX. R. APP. P. 47.2(b).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES ANTHONY MILLER,
Appellant

No. 05-22-01110-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-83973-
2017.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order of deferred adjudication.

Judgment entered this 29th day of April, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES ANTHONY MILLER, Appellant

No. 05-22-01111-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-83974-2017.
Opinion delivered by Justice Reichek. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order of deferred adjudication.

Judgment entered this 29th day of April, 2024.