**AFFIRM; and Opinion Filed June 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00652-CR**

**ANSEL EUGENE JEFFRIES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 10**
**Dallas County, Texas**
**Trial Court Cause No. M21-33261**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Ansel Eugene Jeffries appeals his conviction for the misdemeanor offense of

assault, family violence. Appellant, proceeding pro se on appeal, failed to file an

appellant's brief. We affirm the trial court's judgment. Because all issues are settled

in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On April 9, 2021, appellant was charged by information with the offense of

assault causing bodily injury, family violence. The offense was alleged to have

occurred on March 15, 2021, and to have involved a woman with whom appellant

had a dating relationship.  The trial court found appellant was not indigent and, thus, he was not eligible for the appointment of court appointed counsel.  Appellant was represented by retained counsel in the trial court.

Appellant entered a plea of not guilty.  A jury returned a verdict of guilty on May 17, 2023.  The jury assessed punishment at confinement in the county jail for a period of 0 days and a fine in the amount of $0.[1]  In addition, the jury recommended that appellant be placed on community supervision.  The record reflects that, on May 19, 2023, the trial court ruled the punishment verdict was void and rescheduled a punishment hearing for June 1, 2023.  The basis for the court's ruling concerning the punishment verdict is not stated in the record before us.  On June 1, 2023, appellant signed a Judicial Admonition of Defendant's Rights and Plea Agreement.  It appears that the plea agreement was limited to punishment as appellant did not change his plea of not guilty and the jury had already returned a verdict of guilty.  That verdict was not set aside.  The judge certified that the agreement was a plea bargain, and that appellant had the right to appeal and had not waived that right.[2]  The plea agreement provided for a sentence of 3 days' confinement in the Dallas County jail

---

[1] The range of punishment for this offense is confinement in jail for a period not to exceed one year, a fine not to exceed $4,000, or both.  TEX. PENAL CODE § 12.21(2).

[2] While the trial court indicated appellant entered into a plea bargain, in actuality this is not a plea bargain case within the meaning of Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure because, while the punishment did not exceed the punishment recommended by the prosecutor and agreed to by appellant, appellant did not plead guilty or nolo contendere to the charged offense.  See TEX. R. APP. P. 25.2(a)(2) (defining a "plea bargain case" as one in which the defendant pleads guilty or nolo contendere, and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant.").

and a fine of $100, with credit for time served. On June 1, 2023, the trial court signed a "Judgment on Plea of Not Guilty before the Jury [-] Punishment by the Judge" indicating a jury verdict of guilty and assessing punishment at 3 days' confinement in the Dallas County jail and a fine of $100, with credit for time served. Appellant filed a timely notice of appeal.

Appellant proceeded pro se in this Court. The clerk's record was filed on July 26, 2023, with supplemental records being filed on July 31, September 1, and September 13. With respect to the court reporter's record, on July 6, 2023, the court reporter notified the Court that appellant had not paid, or made arrangements to pay, for the record and is not appealing as indigent. On August 3, we directed appellant to provide notice in ten days that he had requested preparation of the reporter's record. On August 16, appellant advised that payment arrangements were being made with the court reporter. On September 11, having received no further updates from appellant with respect to the court reporter's record and not having received the reporter's record, we directed appellant to provide notice in ten days that he had requested preparation of the reporter's record and written verification that he had paid or made arrangements to pay the court reporter's fee. We cautioned appellant that if we did not receive documentation within the stated time, the Court might order the appeal submitted without the reporter's record. On October 12, not having received the reporter's record, a written verification that appellant had paid for the reporter's record, or any response to our September 11 order we ordered this appeal

submitted without the reporter's record, and we ordered appellant to file his brief by November 9. Appellant did not file a brief by November 9. On December 5, we ordered appellant to file his brief and a motion for extension of time to file the brief on or before December 20. We advised appellant that if he failed to file his brief by December 20, the appeal might be submitted on the clerk's record and without appellant's brief. Appellant failed to file a brief and a motion for extension of time to file same by December 20. We notified appellant on March 27, 2024, that the case would be submitted without oral argument on May 14. We submitted the appeal without briefs on May 14. *See* TEX. R. APP. P. 38.8(b)(4).

## DISCUSSION

The failure of an appellant to file an appellant's brief in a criminal case does not authorize the dismissal of a case. TEX. R. APP. P. 38.8(b)(1); *see also* TEX. CODE CRIM. PROC. art. 44.33(b) (stating appellant's failure to file his brief in the time prescribed shall not authorize dismissal of appeal by court of appeals). Generally, when an appellant has not filed a brief in a criminal case, Rule 38.8(b) requires the appellate court to remand the case to the trial court to conduct a hearing and "determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations." TEX. R. APP. P. 38.8(b)(2); *see also Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). But when an appellant has chosen to represent

–4–

himself on appeal and has already been warned of the dangers of pro se representation, there is no need to remand for such a hearing. *Burton*, 267 S.W.3d at 103; *see also Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994).

Moreover, Rule 38.8(b)(4) states an "appellate court may consider [an] appeal without briefs, as justice may require." TEX. R. APP. P. 38.8(b)(4); *see also Scwartzkopf v. State*, Nos. 05-21-00662-CR, 05-21-00663-CR, 2022 WL 3714518, at *1 (Tex. App.—Dallas Aug. 29, 2022, no pet.) (mem. op., not designated for publication) (submitting case without briefs and reviewing record for fundamental error where pro se appellant failed to file brief). In doing so, we review the record for fundamental error. *Cooper v. State*, No. 05-21-01002-CR, 2023 WL 6475647, at *2 (Tex. App.—Dallas Oct. 5, 2023, pet. ref'd) (mem. op., not designated for publication); *Scwartzkopf*, 2022 WL 3714518, at *1; *Seay v. State*, Nos. 05-18-00362-CR to 05-18-00364-CR, 2019 WL 3886652, at *1–2 (Tex. App.—Dallas Aug. 19, 2019, no pet.) (mem. op., not designated for publication); *Cooper v. State*, No. 05-14-00089-CR, 2015 WL 150081, at *1 (Tex. App.—Dallas Jan. 8, 2015, pet. ref'd) (mem. op., not designated for publication).

Fundamental errors include: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors

resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *See Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); *Burton*, 267 S.W.3d at 103.

## CONCLUSION

Without a brief, no issues are before us. In the interest of justice, we have reviewed the clerk's record in this appeal for fundamental error and have found none. *See Burton*, 267 S.W.3d at 103; *see also Scwartzkopf*, 2022 WL 3714518, at *1. We, therefore, affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47

230652F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANSEL EUGENE JEFFRIES,
Appellant

No. 05-23-00652-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal
Court No. 10, Dallas County, Texas
Trial Court Cause No. M21-33261.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 7th day of June, 2024.