

# NUMBER 13-25-00384-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RICHARD IRENEA BALANGON,**                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF SAN PATRICIO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West**

A jury convicted appellant Richard Irenea Balangon of assault family violence, a class A misdemeanor. *See* TEX. PEN. CODE § 22.01(a), (b). A fine of $4,000 was assessed with $3,000 probated upon successful completion of a domestic violence course.[1] On

---

[1] Appellant was also assessed court costs of $310.

May 15, 2025, appellant filed a notice of appeal pro se. On October 15, 2025, the trial court determined that appellant was not indigent and not entitled to court appointed counsel. Appellant's brief was due on December 1, 2025. Appellant never filed a brief. The Clerk sent a past due brief notice to appellant, and we abated this appeal for the trial court to determine (1) whether appellant desires to prosecute his appeal, and (2) whether there are any changed circumstances rendering appellant indigent and entitling him to court appointed appellate counsel. *See* TEX. R. APP. P. 38.8(b)(4). The trial court noticed a hearing by traditional mail and email for February 27, 2026, appellant failed to attend, and the trial court found appellant does not wish to prosecute his appeal and is not indigent. Accordingly, we consider the appeal without briefs. *See id*.

When an appellant in a criminal case "fails to file a brief and we consider the case without briefs, we review the entire appellate record to determine if fundamental error exists." *Williams v. State*, 654 S.W.3d 222, 223 (Tex. App.—Fort Worth 2022, no pet.). Courts have recognized ten fundamental errors: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (citing *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002)).

Having reviewed the record, we find no fundamental error. *See Williams*, 654

S.W.3d at 223; *Burton*, 267 S.W.3d at 103. The trial court's judgment is affirmed.

JON WEST
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed on the
21st day of May, 2026.