COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Christopher Michael Pelletier v. The State of Texas

Appellate case number:    01-21-00425-CR, 01-21-00430-CR

Trial court case number:  20CR1225, 21CR1166

Trial court:                          10th District Court of Galveston County

Appellant, previously represented by appointed counsel, filed notices of appeal of the trial court's July 2, 2021 judgments of conviction. The clerk's record was filed on September 21, 2021, and the reporter's record was filed on October 18, 2021. Appellant's previously-appointed counsel filed an *Anders* brief on December 17, 2021, concluding that the above-referenced appeals were without merit and frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

On May 23, 2022, appellant, in correspondence to this Court, advised this Court that he wanted to proceed pro se in his appeals, which we construed as a motion to proceed pro se. On June 2, 2022, this Court abated the appeals and remanded the cases to the trial court so that the trial court could conduct a hearing on appellant's motion to proceed pro se.[1] On June 15, 2022, the trial court conducted a hearing, determined that appellant "underst[ood] what [he was] doing and [was] capable of proceeding" pro se, and discharged appellant's previously-appointed counsel. The trial court made findings of fact that, among other things, indicated that appellant understood the dangers of proceeding pro se on appeal. On July 7, 2022, this Court reinstated appellant's appeal, struck the *Anders* brief filed by appellant's previously-appointed counsel, and ordered that appellant, now proceeding pro se, file his appellant's brief by August 8, 2022.

On August 3, 2022, appellant filed a motion for extension to file his appellant's brief, which we granted in part, ordering that appellant file his appellant's brief by October 7, 2022. Appellant did not file an appellant's brief.

On October 18, 2022, this Court notified appellant that his appellant's brief had not been timely filed and he must file a motion for an extension for time along with his appellant's brief or

---

[1]     On June 2, 2022, this Court also ordered that the trial court clerk provide a copy of the appellate record, including the clerk's record, the reporter's record, and any supplemental records, to appellant. On June 28, 2022, a supplemental clerk's record was filed in this Court, indicating that the appellate record was delivered to the unit where appellant is incarcerated on June 22, 2022.

a motion for extension of time to file his appellant's brief within ten days of the Court's notice. On October 25, 2022, appellant filed a motion for extension of time to file his appellant's brief, which we granted, ordering that appellant file his appellant's brief by November 15, 2022. Appellant did not file his appellant's brief.

On January 10, 2023, this Court notified appellant that his appellant's brief was due within thirty days and if his brief was not filed, the appeals would be submitted without briefs. Appellant did not file his appellant's brief.

Accordingly, we will consider appellant's appeals without briefs and review the record for fundamental error. *See* Tex. R. App. P. 38.8(b)(4); *Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.); *see also Seay v. State*, Nos. 05-18-00362-CR to 05-18-00364-CR, 2019 WL 3886652, at *1–2 (Tex. App.—Dallas Aug. 19, 2019, no pet.) (mem. op., not designated for publication) (submitting case without briefs and reviewing record for fundamental error where appellant, who was initially represented by appointed appellate counsel, failed to file appellant's brief after filing motion to proceed pro se and after trial court had held hearing and found appellant wanted to represent himself, had made waiver of counsel competently, voluntarily, knowingly, and intelligently, had been admonished of dangers and disadvantages of self-representation, and was capable of representing himself in manner that would not harm interests of himself and State). This case is now at issue and may be set for submission at any time.

It is so ORDERED.


Judge's signature:        /s/ Julie Countiss
                    ☐ Acting individually    ☐ Acting for the Court

Date: February 16, 2023