**Opinion issued April 20, 2023**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-21-00425-CR**

**NO. 01-21-00430-CR**

—————————————

**CHRISTOPHER MICHAEL PELLETIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 20CR1225 & 21CR1166**

---

**MEMORANDUM OPINION**

A jury found appellant, Christopher Michael Pelletier, guilty of two separate

felony offenses of assault of a family member.[1]  After finding true the allegations

---

[1]     *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A), (b)(2)(B); *see also* TEX.
FAM. CODE ANN. § 71.0021(b).

in two enhancement paragraphs that appellant had twice been previously convicted of felony offenses, the jury assessed his punishment at confinement for thirty years for each offense, to run concurrently. Appellant, proceeding pro se, has failed to file an appellant's brief.

We affirm.

## Background

Appellant timely filed notices of appeal from the trial court's July 2, 2021 judgments of conviction. Thereafter, appellant's previously-appointed appellate counsel filed motions to withdraw, along with briefs stating that the record in each appeal presented no reversible error and the appeals were without merit and were frivolous.[2] *See Anders v. California*, 386 U.S. 738 (1967). On May 23, 2022, in response to his appointed appellate counsel's *Anders* briefs, appellant notified the Court that he wanted to "release[e]" his appointed appellate counsel and represent himself pro se on appeal, stating that he "want[ed] no attorney representation whatsoever." This Court construed appellant's response as a "motion to proceed pro se" in each appeal. And on June 2, 2022,[3] the Court abated appellant's appeals and remanded the appeals to the trial court to conduct a hearing on appellant's

---

[2] Appellant's previously-appointed appellate counsel filed his *Anders* briefs on December 17, 2021 and his motions to withdraw on May 10, 2022.

[3] On June 2, 2022, the Court also ordered that the trial court clerk provide a copy of the appellate record to appellant. On June 28, 2022, a supplemental clerk's record was filed in this Court indicating that the appellate record had been delivered to appellant on June 22, 2022.

"motion to proceed pro se." The trial court was directed to determine whether appellant desired to proceed pro se on appeal; whether appellant was unequivocally and clearly asserting his right to represent himself; whether appellant understood the dangers of proceeding pro se on appeal; whether appellant understood that representing himself pro se on appeal may not be wise and may ultimately be to his own detriment; whether appellant understood that he was required to comply with all procedural and briefing rules; whether appellant understood that he would not be afforded special treatment due to a lack of a formal legal education; whether appellant understood that he was entitled to effective assistance of appellate counsel and whether he was forgoing that right; and whether appellant was knowingly, intelligently, and voluntarily choosing to represent himself pro se on appeal. If the trial court determined that appellant understood the dangers of proceeding pro se on appeal and was competent to make that choice, the trial court was directed to discharge appellant's previously-appointed appellate counsel and advise appellant that his appellant's briefs were due within thirty days of the date of the trial court's hearing.

The trial court conducted the required hearing on June 15, 2022. At the hearing, after determining that appellant "underst[ood] what [he was] doing and [was] capable of proceeding" pro se on appeal, the trial court discharged

appellant's previously-appointed appellate counsel. The trial court also made the following findings of fact:

1. Appellant does not want appointed counsel to continue to represent him.

2. Appellant wishes to proceed pro se.

3. Appellant clearly and unequivocally asserted his right to represent himself.

4. Appellant understands the dangers of proceeding pro se in [his] appeal[s].

5. Appellant understands proceeding pro se may not be wise and may be to his own detriment.

6. Appellant understands he must comply with procedural and briefing rules.

7. Appellant understands he will not be accorded special treatment due to a lack of formal legal education.

8. Appellant understands he is entitled to the effective assistance of appellate counsel and is forgoing this right.

9. Appellant's decision to proceed pro se was made knowingly, intelligently, and voluntarily.

On July 7, 2022, this Court reinstated appellant's appeals, struck the *Anders* briefs filed by appellant's previously-appointed appellate counsel, and ordered appellant, who was now proceeding pro se, to file his appellant's brief in each appeal by August 8, 2022.

On August 3, 2022, appellant filed a motion for extension of time to file his appellant's briefs, which the Court granted in part, ordering that appellant file his appellant's briefs by October 7, 2022. Appellant did not file an appellant's brief in either appeal.

On October 18, 2022, the Court notified appellant that his appellant's briefs had not been timely filed and he was required to file motions for an extension for time along with his appellant's briefs or motions for extension of time to file his appellant's briefs within ten days of the Court's notice. On October 25, 2022, appellant filed a motion for extension of time to file his appellant's brief in each appeal, both of which the Court granted, ordering that appellant file his appellant's briefs by November 15, 2022. Appellant did not file an appellant's brief in either appeal.

On January 10, 2023, the Court notified appellant that his appellant's briefs were due by February 9, 2023, and that if an appellant's briefs were not filed, his appeals would be submitted without briefs. Appellant did not file an appellant's brief in either appeal.

On February 16, 2023, the Court notified appellant that it would consider appellant's appeals without briefs, and it would review the record for fundamental error.[4]

## Fundamental Error

Texas Rule of Appellate Procedure 38.8(b)(1) states that the failure of an appellant to file an appellant's brief in a criminal case does not authorize the dismissal of a case. TEX. R. APP. P. 38.8(b)(1); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.33(b) (stating appellant's failure to file his brief in the time prescribed shall not authorize dismissal of appeal by court of appeals). Thus, generally, when an appellant has not filed a brief in a criminal case, Texas Rule of Appellate Procedure 38.8(b) requires the appellate court to remand the case to the trial court to conduct a hearing and "determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained

---

[4] *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (when appellant representing himself fails to file appellant's brief and has been advised of dangers of proceeding pro se, appellate court may consider appeal without briefs and review record for fundamental error); *see also Seay v. State*, Nos. 05-18-00362-CR to 05-18-00364-CR, 2019 WL 3886652, at *1–2 (Tex. App.—Dallas Aug. 19, 2019, no pet.) (mem. op., not designated for publication) (submitting case without briefs and reviewing record for fundamental error where appellant, who was initially represented by appointed appellate counsel, failed to file appellant's brief after filing motion to proceed pro se and after trial court had held hearing and found appellant wanted to represent himself, had made waiver of counsel competently, voluntarily, knowingly, and intelligently, had been admonished of dangers and disadvantages of self-representation, and was capable of representing himself in manner that would not harm interests of himself and State).

counsel has abandoned the appeal, and to make appropriate findings and recommendations." TEX. R. APP. P. 38.8(b)(2); *see also Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). But when an appellant has chosen to represent himself on appeal and has already been warned of the dangers of pro se representation on appeal, there is no need to remand for such a hearing. *Burton*, 267 S.W.3d at 103; *see also Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994).

Notably, Texas Rule of Appellate Procedure 38.8(b)(4) states that an "appellate court may consider [an] appeal without briefs, as justice may require."[5] TEX. R APP. P. 38.8(b)(4); *see also Scwartzkopf v. State*, Nos. 05-21-00662-CR, 05-21-00663-CR, 2022 WL 3714518, at \*1 (Tex. App.—Dallas Aug. 29, 2022, no pet.) (mem. op., not designated for publication) ("When a pro se appellant does not file a brief in a criminal case, rule 38.8(b) states that the appellate court may consider the appeal without briefs, as justice may requires." (internal quotations omitted)); *Seay v. State*, Nos. 05-18-00362-CR to 05-18-00364-CR, 2019 WL 3886652, at \*1–2 (Tex. App.—Dallas Aug. 19, 2019, no pet.) (mem. op., not designated for publication) (submitting case without briefs and reviewing record for fundamental error where appellant, who was initially represented by appointed

---

[5] "[A]n appellate court's inherent power to dismiss a case is reserved for those situations in which a party has engaged in serious misconduct such as bad-faith abuse of the judicial process." *Burton*, 267 S.W.3d at 103.

appellate counsel, failed to file appellant's brief after filing motion to proceed pro se and after trial court had held hearing and found appellant wanted to represent himself, had made waiver of counsel competently, voluntarily, knowingly, and intelligently, had been admonished of dangers and disadvantages of self-representation, and was capable of representing himself in manner that would not harm interests of himself and State); *Washington v. State*, No. 01-13-01038-CR, 2015 WL 7300511, at *2 (Tex. App.—Houston [1st Dist.] Nov. 19, 2015, no pet.) (mem. op., not designated for publication) ("When an appellant fails to file a brief, we may submit the case without briefs and review the entire record, in the interest of justice, to determine if the record reveals fundamental error.").

When an appellant in a criminal case fails to file a brief, our review of the record is limited to fundamental error. *See Lott*, 874 S.W.2d at 688; *Burton*, 267 S.W.3d at 103. Fundamental error includes: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the separation of powers section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by

a trial court which taint the presumption of innocence. *See Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002); *see also Burton*, 267 S.W.3d at 103. Here, our review of the record in each appeal does not reveal any fundamental error.

## Conclusion

We affirm the judgments of the trial court.

Julie Countiss
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).