# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00074-CR

**Vicente Agapito Rosales, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
## NO. 2022CR1114, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Vicente Agapito Rosales was charged with the offense of driving while intoxicated. *See* Tex. Penal Code § 49.04(d). After Rosales pleaded guilty to the charged offense pursuant to a plea agreement, the trial court sentenced him to 365 days' confinement in county jail, a $480 fine, and $64 in restitution but suspended the imposition of the sentence and placed him on community supervision for 18 months. The trial court certified that this is a plea-bargain case but that Rosales has the right to appeal from rulings on pretrial written motions. Rosales, representing himself pro se, filed a notice of appeal from his conviction.

Rosales's brief was originally due on April 28, 2023, but no brief or motion for extension of time was filed. The Clerk of the Court sent written notice to Rosales, informing him that his brief was overdue and advising him that if the Court did not receive a motion for extension of time or a brief accompanied by a motion for extension of time on or

before June 19, 2023, the cause would be submitted for consideration on the record alone. Rosales did not respond to the notice, file a motion for extension of time, or file a brief.

Rule 38.8 of the Texas Rules of Appellate Procedure provides that, under certain circumstances, an appellate court in a criminal case may consider an appeal without briefs, "as justice may require." Tex. R. App. P. 38.8(b)(4); *see* Tex. Code Crim Proc. art. 44.33(b) (providing that appellant's failure to file brief shall not authorize dismissal of appeal); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (applying predecessor to Rule 38.8); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (explaining that analysis from *Lott* also applies under Rule 38.8); *see also Renfro v. State*, No. 03-10-00011-CR, 2011 WL 4507320, at *1 (Tex. App.—Austin Sept. 29, 2011, no pet.) (mem. op., not designated for publication) (explaining that hearing under Rule 38.8 is unnecessary where appellant represented himself at trial and on appeal, where indigency determination is not being challenged, and where appellant demonstrated his abandonment of appeal by failing to file brief).

In those circumstances, appellate courts review the record for the presence of unassigned fundamental error. *See Burton*, 267 S.W.3d at 103. The Court of Criminal Appeals has explained that the following types of errors are fundamental: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a statute that violates the separation-of-powers provision of the Texas Constitution; (7) jury-charge errors resulting in egregious harm; (8) trials being held in a location other than the county seat; (9) prosecution under an ex post facto law; and

2

(10) comments made by a trial judge that taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887–89 (Tex. Crim. App. 2002).

After being properly admonished in the trial court, Rosales acknowledged that he is not indigent and that he has voluntarily chosen to proceed pro se. Further, despite being given the opportunity to file an appellate brief, he has failed "to make any arrangements for filing a brief." *See* Tex. R. App. P. 38.8(b)(4). Therefore, we submitted the case without briefs and having reviewed the record in this appeal, find no unassigned fundamental error.[1] *See Lott*, 874 S.W.2d at 688; *see also Renfro*, 2011 WL 4507320, at *2 (reviewing record for fundamental error and affirming conviction where indigent appellant was representing himself and failed to timely file his appellant's brief). Accordingly, the judgment of conviction is affirmed.[2]

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed: May 3, 2024

Do Not Publish

_____

[1] No reporter's record was filed in this appeal, and Rosales did not respond to this Court's written request that he provide proof that he had made arrangements to pay for preparation of the reporter's record. *See* Tex. R. App. P. 37.3(c) (allowing appellate court to "decide those issues or points that do not require a reporter's record").

[2] In his notice of appeal, Rosales states, "I call upon a writ of mandamus and do not consent to the charges of this case and reserve my right as a non-resident." To the extent that Rosales intends his notice of appeal to serve as a petition for writ of mandamus, he is in error. *See* Tex. R. App. P. 52.1. Moreover, Rosales did not assert, much less show, that he has no other adequate remedy at law to address the alleged error or that the act he seeks to compel is purely ministerial. *See State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Any petition is therefore without merit and denied.